DANICA MAZENKO
CA Bar No. 330710
D Mazenko Law
2443 Fair Oaks Boulevard #486
Sacramento, CA 95825
Tel (619) 669-5693
Attorney for Defendant
NICOLAS VASQUEZ

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:25-cr-0135 WBS |
| Plaintiff, | |
| vs. | MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL |
| NICOLAS VASQUEZ, | |
| Defendant. | |

## INTRODUCTION

Defendant NICOLAS VASQUEZ, by and through undersigned counsel, respectfully moves this Court to dismiss the indictment in the above-captioned case pursuant to Federal Rule of Criminal Procedure 12(b)(1) for violation of Defendant's Sixth Amendment right to counsel under the United States Constitution for failing to adequately compensate appointed counsel.

## FACTUAL BACKGROUND

Defendant was indicted on May 29, 2025, and appointed counsel was subsequently assigned pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. The undersigned's appointment was effective August 5, 2025, after Mr. Vasquez requested new counsel for the second time. ECF 13, 20, 22. The Federal Defender's Office for the Eastern District of California suggested that the case be referred out to the CJA panel. ECF 21.

- 1 –

At the time the undersigned accepted the appointment, the United States government failed to adequately fund the operations that support payments for appointed counsel. Funding ran out in July 2025, and as a result the undersigned has been working without significant compensation on CJA cases since June 2025. The undersigned (along with every other lawyer who accepts CJA-appointed cases) was assured that payments would resume once Congress passed a budget for Fiscal Year 2026. Congress failed to pass a federal budget for Fiscal Year 2026, resulting in a continued funding lapse that began on October 1, 2025, with no end in sight. [1]

As a direct result of the federal government's failure to pass a budget, appointed counsel has not received any significant compensation from the federal government since June 2025, a period of more than three months.

Despite the lack of compensation, counsel has continued to represent the Defendant to prevent immediate prejudice; however, this situation has created an untenable conflict between counsel's professional obligations and their basic economic survival.

The government continued to prosecute this case with fully compensated prosecutors while Defendant's counsel was, and remains, unpaid, creating a fundamental imbalance in the adversarial system.

## LEGAL ARGUMENT

### I. THE SIXTH AMENDMENT AND *GIDEON* REQUIRE EFFECTIVE, ADEQUATELY COMPENSATED COUNSEL

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defence." In *Gideon v. Wainwright*, 372 U.S. 335, 340 (1963), the Supreme Court held that this right requires the

---

[1] In fact, the website for the United States Attorney's Office for the Eastern District of California indicates, "Democrats have shut down the government. Department of Justice websites are not currently regularly updated. Please refer to the Department of Justice's contingency plan for more information." *See*, https://www.justice.gov/usao-edca, last accessed October 5, 2025.

appointment of counsel for indigent defendants facing serious criminal charges. This right encompasses not merely the physical presence of an attorney, but the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984).

The Supreme Court has recognized that the right to counsel is meaningless without adequate resources to mount an effective defense. *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985) (due process requires provision of basic tools of adequate defense). This principle necessarily extends to ensuring that appointed counsel receives the compensation promised under federal law. The promise of *Gideon* cannot be fulfilled when counsel is appointed but left unpaid indefinitely.

## II. NON-PAYMENT OF COUNSEL VIOLATES THE SIXTH AMENDMENT

The prolonged non-payment of appointed counsel violates the Sixth Amendment in several ways:

### A. Constructive Denial of Counsel

When the government fails to provide promised compensation for months, it constructively denies the right to counsel. No attorney can be expected to work indefinitely without compensation while maintaining the zealous advocacy required by professional standards and constitutional mandate.

### B. Creation of Unconstitutional Conflict of Interest

The non-payment situation creates an impermissible conflict between counsel's duty to zealously represent the client and counsel's need for economic survival. This conflict undermines the attorney-client relationship and compromises the quality of representation guaranteed by the Sixth Amendment.

### C. Denial of Equal Protection

The government's prosecution with fully compensated counsel while defense counsel remains unpaid violates fundamental fairness and equal protection principles inherent in the adversarial system. *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

//

## III. THE CRIMINAL JUSTICE ACT CREATES AN ENFORCEABLE RIGHT TO COMPENSATION

Congress enacted the Criminal Justice Act to ensure that indigent defendants receive competent counsel by guaranteeing reasonable compensation to appointed attorneys. 18 U.S.C. § 3006A(d). This statutory scheme creates not merely an administrative directive, but an enforceable right essential to Sixth Amendment compliance.

The government cannot simultaneously invoke the Criminal Justice Act to secure counsel for indigent defendants while refusing to honor its compensation obligations under the same statute.

## IV. DISMISSAL IS THE APPROPRIATE REMEDY

At least one court has recognized that dismissal may be warranted when systemic underfunding of defense counsel violates constitutional rights. *State v. Peart*, 621 So. 2d 780, 792 (La. 1993).

Here, dismissal is appropriate because the violation is systemic and ongoing. Less drastic remedies cannot cure the fundamental constitutional violation, and the government's failure to ensure defense counsel compensation while continuing prosecution warrants dismissal. Continuing the prosecution under these circumstances would violate due process and *Gideon.*

## V. FEDERAL COURTS ARE COURTS OF LIMITED JURISDICTION AND STATE PROSECUTION REMAINS AVAILABLE

### A. Federal Courts Exercise Limited Jurisdiction

As courts of limited jurisdiction, federal courts may only hear cases authorized by the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This limitation underscores that federal criminal prosecution is not mandatory for

every crime that might violate federal law—it is an exercise of discretion that must be conducted within constitutional bounds.

### B. Dual Sovereignty and Overlapping State Interest

The Supreme Court's dual sovereignty jurisprudence recognizes the frequent overlap between federal and state interests in punishing criminal violations. *Gamble v. United States*, 139 S. Ct. 1960, 1968-1969 (2019). Both sovereigns have legitimate interests in prosecuting conduct that violates their respective laws.

### C. State Prosecution Provides a Constitutional Alternative

This case involves conduct that constitutes violations under California state law, including HS11370.1(a), PC29800(a)(1), and PC30305(a)(1) – possession of controlled substance, firearm, and ammunition. Critically, California continues to pay appointed counsel for indigent defendants in state prosecutions, thereby ensuring compliance with *Gideon* and the Sixth Amendment.

The availability of state prosecution, where defense counsel will be compensated, provides a constitutionally sound alternative to continuing this federal prosecution in violation of *Gideon*. Dismissal with prejudice would not allow Defendant to escape accountability—it would simply transfer prosecution to a forum where constitutional requirements are being met.

### D. Federal Interest in Enhanced Sentencing Cannot Justify Gideon Violation

The primary government interest distinguishing federal from state prosecution in cases like this is the availability of enhanced sentences under federal law. However, this interest in securing a longer sentence cannot justify violating the Sixth Amendment and the core holding of *Gideon*.

The absence of federal prosecution does not permit Defendant to avoid criminal responsibility—it merely places Defendant in a position to face charges in state court where appointed counsel is being compensated and constitutional protections are maintained. The

government's desire for a harsher sentence cannot outweigh the fundamental right to counsel established in *Gideon*.

### E. Future Federal Prosecution Is Barred by Willful Constitutional Violation

Should the government resolve its budget impasse and restore funding for appointed counsel, future prosecution of this case in federal court would nevertheless be inappropriate. The government's willful decision to continue prosecution while refusing to compensate defense counsel constitutes an egregious violation of Defendant's constitutionally protected rights. Permitting the government to later re-prosecute after deliberately creating these unconstitutional conditions would reward governmental misconduct and undermine respect for constitutional limitations on prosecutorial power.

## VI. ALTERNATIVE RELIEF

Should the Court decline to dismiss, Defendant respectfully requests:

1. Order the defendant immediately released from custody on his own recognizance.
2. Stay of all proceedings until counsel's compensation for all CJA cases is current.
3. Order requiring immediate payment of all outstanding fees in all CJA cases.
4. Order prohibiting further prosecution until the compensation system is fully restored.
5. Order a hearing for status of counsel to determine whether Mr. Vasquez may obtain alternate counsel.

## CONCLUSION

The federal government cannot maintain the fiction of providing constitutionally adequate counsel while refusing to pay for such representation. The prolonged non-payment of appointed counsel violates Defendant's Sixth Amendment rights and the fundamental guarantee of *Gideon v. Wainwright*, warranting dismissal of the indictment.

Federal courts are courts of limited jurisdiction, and federal prosecution is not constitutionally required where state prosecution remains available and constitutional. The Supreme Court's dual sovereignty doctrine recognizes the legitimate overlap between state and federal interests in punishing criminal conduct. Here, California continues to compensate appointed counsel in state prosecutions, providing a forum where Defendant's *Gideon* rights will be respected.

The government's interest in pursuing enhanced federal sentences cannot justify the ongoing violation of the Sixth Amendment. Where the government has systematically failed to provide compensation for defense counsel while maintaining its prosecutorial resources, dismissal is not merely appropriate—it is essential to preserve the constitutional foundation established in *Gideon* upon which our criminal justice system rests. The availability of state prosecution ensures that Defendant will not escape accountability; rather, Defendant will face charges in a forum that honors constitutional requirements.

To permit this prosecution to continue under these circumstances would render *Gideon* a hollow promise and reduce the Sixth Amendment to mere words on parchment. The integrity of our constitutional system demands more.

WHEREFORE, Defendant respectfully requests that this Court GRANT this Motion and DISMISS the indictment with prejudice, or in the alternative, order him released from custody pending the outcome of this matter and grant such other relief as the Court deems just and proper.

Dated: October 5, 2025              Respectfully submitted,

                                    */s/ Danica Mazenko*
                                    DANICA MAZENKO
                                    Attorney for Defendant
                                    NICOLAS VASQUEZ